Under the unusual circumstances here involved the granting of the motion was an improvident exercise of discretion. The general rule that an action in the Municipal Court for property damages should be consolidated with an action in the Supreme Court for personal injuries, where it grows out of a common accident or the collision of two cars on a highway, is not inflexible. Here the accident apparently happened on private property, under circumstances that exclude any negligence on the part of the plaintiff in the Municipal Court action. The Supreme Court action involves a claim of negligence on the part of one person to the injury of another person or guest of the same name. The plaintiff in the Municipal Court action should not be projected into that type of controversy under the circumstances disclosed herein where his right to a trial of his property damage claim can be speedily had and where a consolidation would result in a denial of what, under the foregoing circumstances, is a substantial right. (Civ. Prac. Act, § 96; Tepper v. Moss, 234 App. Div. 885.) Carswell, Acting P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur.